# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

JOSE MANUEL RICO-VILLALOBOS,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C18-3003-LRR

**ORDER**

    This matter is before the court on the movant's 28 U.S.C. § 2255 motion (docket no. 1). Movant filed his motion on January 8, 2018. Also before the court are movant's application to proceed in forma pauperis (docket no. 2) and pro se petition for a writ of coram nobis (docket no. 3).[1]

    As an initial matter, there is no filing fee for a motion pursuant to 28 U.S.C. § 2255 and the court anticipates few, if any, fees associated with the prosecution of movant's § 2255 action. Accordingly, movant's application to proceed in forma pauperis (docket no. 2) is denied as moot. If movant does incur expenses at a latter point in this case, he may renew his motion.

    Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the court to conduct an initial review of the motion. Under that rule, summary dismissal is appropriate where the allegations are vague or conclusory, palpably incredible, or

---

[1] Despite being styled as a petition for a writ of coram nobis, the court will consider docket no. 3 as a supplemental to movant's § 2255 motion because that document merely expounds upon the issues raised in movant's first filing (docket no. 1). The clerk of court is directed to reclassify that document (docket no. 3) as a supplement.

patently frivolous or false. *See Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977). According to 28 U.S.C. § 2255(f), a 1-year limitations period shall apply to motions filed under 28 U.S.C. § 2255. *See, e.g. Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015). The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This is a strict standard with only a very narrow exception. As set out by the Eighth Circuit Court of Appeals:

> the Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences. *See Johnson v. United States*, 544 U.S. 295, 299, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005). The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005)) (applicable to section 2254 petitions); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir.2005) (applying same rule to section 2255 motions).

*Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013).

Movant pled guilty to one count related to the distribution of methamphetamine on August 5, 2013. (*See* CR13-3014-LRR, docket no. 30). On December 9, 2013, the court sentenced movant to 87 months incarceration. (*See* CR13-3014-LRR, docket no. 43). Movant did not appeal. On April 17, 2015, this court lowered movant's sentence

2

to 57 months incarceration pursuant to the All Drugs Minus-Two Guideline Amendment. (*See* CR13-3014-LRR, docket no. 48). Movant did not appeal.

Based on the date movant's conviction became final (sometime in early 2014), his motion, filed on January 8, 2018, was beyond the one-year statute of limitations set out in 28 U.S.C. § 2255(f)(1). However, movant alleges that ineffective assistance of counsel tainted his guilty plea pursuant to the rational recognized in *Lee v. United States*, _ U.S. _, 137 S. Ct. 1958, 1969 (2017). (*See* docket no. 3). Assuming, without deciding, that movant's motion is premised on a new constitutional rule, his motion would be filed within the one-year limitation period articulated in 28 U.S.C. § 2255(f)(3) because it was filed less than a year after *Lee* was decided. Because it is possible that movant's motion is timely filed pursuant 28 U.S.C. § 2255(f)(3), the court will order the case briefed.[2]

The parties are **DIRECTED** to respond in the following manner:

1. The government is **DIRECTED** to file a brief in response to the movant's amended § 2255 motion on or before July 23, 2018. The government may attach relevant materials to its brief.

2. If he so chooses, the movant is **DIRECTED** to file a brief in reply to the government's response and/or additional materials related to § 2255 motion on or before August 23, 2018.

The movant raises at least one claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336);

---

[2] This analysis does not prejudice the respondent's right to make any argument it deems appropriate regarding the timeliness of movant's motion or the applicability of 28 U.S.C. § 2255(f)(3).

3

*United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (making clear that attorney-client privilege cannot be used as both a sword and a shield); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (citing *Tasby*, 504 F.2d at 336); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (permitting an attorney to reveal otherwise privileged communications when defending himself against charges of improper conduct); *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (indicating that waiver may be express or implied).

Therefore, counsel whose representation is challenged is **DIRECTED** to file with the court an affidavit that responds only to the movant's specific allegation(s) of ineffective assistance of counsel. Such affidavit must contain all of the information that counsel reasonably believes is necessary to respond to the movant's specific allegation(s). In addition, counsel is **DIRECTED** to attach to, or include with, his or her affidavit all of the documents that he or she reasonably believes are necessary to respond to the movant's allegation(s). This court-supervised response to the movant's allegation(s) must be filed with the court on or before June 23, 2018. The clerk of court is **DIRECTED** to provide a copy of this order to the movant's former counsel.[3] After counsel complies with the court's directives, the clerk's office is **DIRECTED** to serve both parties with a copy of the documents that counsel files. If the movant objects to counsel responding as ordered herein, the movant is **DIRECTED** to notify the court of the objection and the basis for the objection by May 9, 2018. Upon receipt of an objection by the movant,

---

[3] Relevant ethical guidelines are set in the ABA Model Rules of Professional Conduction. *See* ABA Model Rules of Prof'l Conduct R. 1.6(b)(5)-(6); *see also* ABA Model Rules of Prof'l Conduct R. 1.6 cmt. 12-15. If counsel concludes that he or she cannot comply with this order without violating an attorney-client privilege or if counsel concludes that he or she cannot reasonably determine the scope of the waiver of the attorney-client privilege, counsel is directed to file a response, in camera with a request for a protective order if necessary, that specifically states the reasons for his or her conclusion. To comply with this order, counsel must file either an affidavit, a response or, if appropriate, a combination of the two by the required date.

4

the court will notify the parties and counsel that they need not take further action until they are directed to do so by the court.

Finally, after considering the issues raised in movant's motion, the court concludes that the appointment of counsel is appropriate. *See* 28 U.S.C. § 2255(g). The clerk of court is direct to appoint counsel to represent movant in this matter. If appointed counsel deems it appropriate, appointed counsel may file an amended or substituting § 2255 motion by May 9, 2018.

**IT IS THEREFORE ORDERED**:

(1) Movant's motion to proceed in forma pauperis (docket no. 2) is denied as moot.

(2) The clerk of court is directed to reclassify docket no. 3 as a supplement.

(3) The clerk of court is directed to appoint counsel as set out above.

(4) Movant, through appointed counsel, may file an amended § 2255 motion by May 9, 2018.

(5) Movant may object to the court's order directing previous counsel to file an affidavit by May 9, 2018.

(6) The clerk of court is directed to provide a copy of this order to movant's prior counsel. As set out above, prior counsel is directed to file affidavit by June 23, 2018.

(7) The respondent shall file its response on or before July 23, 2018.

(8) If he so chooses, the movant may file a responsive pleading on or before August 23, 2018.

**DATED** this 9th day of April, 2018.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA